[Cite as *Huntington Natl. Bank v. Monea*, 2019-Ohio-855.]

COURT OF APPEALS
STARK COUNTY, OHIO
APPELLATE DISTRICT

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff – Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2018CA00089 |
| PAUL A. MONEA, et al. | |
| Defendant – Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:        Appeal from the Stark County Court of
                                 Common Pleas, Case No. 2013CV01276

JUDGMENT:                        Judgment Affirmed in part, Vacated in
                                 part, Final Judgment entered

DATE OF JUDGMENT ENTRY:          March 11, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL A. FRIEDLANDER                     TODD B. KOTLER
Weltman, Weinberg & Reis Co., LPA         Gruber, Thomas & Co.
323 West Lakeside Avenue, Suite 200       6370 Mt. Pleasant Street, N.W.
Cleveland, Ohio  44113                    North Canton, Ohio  44720-0985

*Hoffman, P.J.*

**{¶1}** Appellant Paul A. Monea appeals the summary judgment entered by the Stark County Common Pleas Court reforming a mortgage deed and loan, and the subsequent judgment of foreclosure in favor of Appellee The Huntington National Bank.

## STATEMENT OF THE CASE[1]

**{¶2}** Appellee filed the instant action in foreclosure in 2013, and filed an amended complaint on July 7, 2014. In addition to alleging Appellant defaulted upon a mortgage loan, secured by Parcel 2613715 (the backyard parcel), Appellee sought reformation of the mortgage deed securing the note to include a second piece of property, Parcel 2613680 (the residence parcel).

**{¶3}** The trial court granted Appellee's motion for summary judgment, reforming the mortgage deed to include both the backyard parcel and the residence parcel on April 22, 2015. Appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B), which the trial court overruled on July 7, 2016.

**{¶4}** On October 6, 2017, Bank of New York (BONY) filed a counterclaim and cross-claim on a promissory note secured by the residence parcel, and further sought foreclosure on the residence parcel. The trial court granted summary judgment on BONY's counter claim and cross-claim on May 16, 2018, finding BONY to be the first lienholder on the residence parcel. The court entered a decree of foreclosure on both the backyard and residence parcels as to BONY and Appellee on June 14, 2018.

---

[1] A rendition of the facts is unnecessary to our resolution of the appeal.

**{¶5}** It is from the April 22, 2015 and June 14, 2018 judgments of the trial court Appellant prosecutes his appeal[2], assigning as error:

I.    THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF-APPELLEE AND REFORMING MR. MONEA'S DEED, WITHOUT MOTIONS HEARING, WHERE THERE WAS NO CREDIBLE EVIDENCE TO SUPPORT THE REFORMATION AS PRAYED FOR BY PLAINTIFF, AND WHERE MR. MONEA RAISED MATERIAL ISSUES OF FACT.

II. THE TRIAL COURT ERRED BY REFORMING THE MORTGAGE DEED TO INCLUDE TWO PARCELS OF LAND, WHEN THE ONLY EVIDENCE BEFORE THE COURT IS THAT THE WRONG PARCEL OF LAND WAS DESCRIBED IN THE ORIGINAL MORTGAGE DEED AND THE ONLY TESTIMONY AS TO THE PARTIES INTENDING TO INCLUDE TWO PARCELS WAS VIA THE AFFIDAVIT OF ONE WHO WAS NOT PRESENT AT THE TIME OF CONTRACT FORMATION.

III.    TRIAL COURT ERRED IN DENYING MOTION TO VACATE, WHERE FACTORS WERE PRESENT JUSTIFYING RELIEF UNDER CIV. R. 60(B).

**{¶6}** At oral argument, the parties represented they would agree to this Court entering final judgment vacating the summary judgment in favor of Appellee as to

---

[2] Appellant did not appeal the May 16, 2018 summary judgment in favor of BONY, and accordingly BONY is not a party to this appeal.

reformation of the mortgage deed to include the residence parcel, but affirming the foreclosure in favor of Appellee as to the backyard parcel.

{¶7} Accordingly, the April 22, 2015 summary judgment is vacated as to the reformation of the mortgage deed between the parties. The foreclosure judgment is affirmed as to Appellee's interest in the backyard parcel, Parcel No. 2613715. The foreclosure judgment is vacated as to Appellee's interest in Parcel No. 2613680, the residence parcel.

{¶8} The judgment of the Stark County Common Pleas Court is vacated in part and affirmed in part. Pursuant to App. R. 12(B), we hereby enter final judgment vacating the April 22, 2015 judgment as to the reformation of the mortgage deed between the parties to include Parcel No. 2613680.

The June 14, 2018 decree of foreclosure is vacated as to Appellee's interest in Parcel No. 2613680, but affirmed in all other respects. Costs are split equally between the parties.

By: Hoffman, P.J.

Wise, John, J. and

Delaney, J. concur